# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| UNITED STATES, | Criminal Action No. 7:11-cr-02199-JMC-1[1] |
| v. | |
| | **ORDER AND OPINION** |
| JOSHUA A. BALKIND, | |
| Defendant. | |

Defendant Joshua A. Balkind is a prisoner currently serving a sentence of eighty-seven (87) months in the Bureau of Prisons. (ECF No. 338.)

This matter is before the court on Balkind's Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255. (ECF No. 363.) The United States of America (the "Government") opposes Balkind's Motion and moves for summary judgment on the merits. (ECF No. 367.) For the reasons set forth below, the court **DENIES** Balkind's Motion to Vacate and **GRANTS** the Government's Motion for Summary Judgment.

## I.    RELEVANT BACKGROUND TO PENDING MOTIONS

On November 8, 2011, the Grand Jury named Balkind in a Superseding Indictment containing the following four (4) counts:

(1) That beginning at a date unknown, but beginning at least in or around January 2011, and continuing thereafter, up to and including the date of this Superseding Indictment, in the District of South Carolina, the Defendants, JOSHUA A. BALKIND, MARCI L. BALKIND, KENNETH CLARK, ANNA L. HUCKEBA, RYAN E. SARQUIST, and DAVID R. RAINES, JR., knowingly and intentionally did combine, conspire, agree and have tacit understanding with each other and others, both known and unknown to the grand jury, knowingly, intentionally, and unlawfully to distribute and to possess with intent to distribute Oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 84l(a)(l) and 84l(b)(l)(C). All in violation of Title 21, United States Code, Section 846.

---

[1] This matter is related to *Balkind v. United States*, Civil Action No. 7:16-cv-03015-JMC.

(2) That on or about August 30, 2011, in the District of South Carolina, the Defendant, JOSHUA A. BALKIND, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm and ammunition, that is, a Ruger 9mm caliber pistol and 9mm ammunition, all of which had been shipped and transported in interstate and foreign commerce. In violation of Title 18, United States Code, Sections 922(g)(I), 924(a)(2) and 924(e).

(3) That on or about August 30, 2011, in the District of South Carolina, the Defendant, JOSHUA A. BALKIND, knowingly used and carried a firearm during and in relation to, and did possess a firearm in furtherance of, a drug trafficking crime, which is prosecutable in a court of the United States. In violation of Title 18, United States Code, Section 924(c)(1).

(4) That on or about August 30, 2011, in the District of South Carolina, the Defendant, JOSHUA A. BALKIND, knowingly did possess a firearm, that is, a 9mm caliber pistol, which has had the importer's or manufacturer's serial number removed, obliterated, and altered and has, at any time, been shipped or transported in interstate commerce. In violation of Title 18, United States Code, Section 922(k).

(ECF No. 62 at 1–2.) On January 31, 2012, Balkind signed a written plea agreement (ECF No. 187) agreeing to plead guilty to conspiracy, Count 1 of the Superseding Indictment. On January 31, 2012, the court accepted Balkind's change of plea (ECF Nos. 186, 187) and sentenced him to two hundred forty (240) months imprisonment on June 22, 2012. (ECF Nos. 285, 287.) The court entered the Judgment on July 2, 2012. (ECF No. 287.) Balkind did not file an appeal.

On July 17, 2013, because of Balkind's substantial assistance, the Government moved to reduce Balkind's sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. (ECF No. 301.) As a result, on October 16, 2013, the court reduced Balkind's sentence to one hundred (100) months. (ECF No. 317.) The court entered an Amended Judgment on October 16, 2013. (*Id.*) Balkind did not file an appeal.

On December 1, 2015, Balkind filed a Petition for Reduction of Sentence Pursuant to 18 U.S.C. § 3852(c)(2) for Amendment to the Sentencing Guidelines "[b]ased upon the recent amendment to the Sentencing Guidelines, which reduced the drug quantity tables by two-points, . . . ." (ECF No. 328.) Upon consideration of Balkind's Motion, the United States Probation Office

("USPO") filed a Sentence Reduction Report with the court on December 11, 2015, agreeing that Balkind was entitled to a sentence reduction because "the advisory guideline range applicable to the defendant was lowered as a result of the retroactive application of the 2014 drug guidelines." (ECF No. 333 at 1.) As a result, on January 12, 2016, the court granted Balkind's Motion and reduced his sentence to eighty-seven (87) months. (ECF No. 338.)

On September 2, 2016, Balkind filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 363) presenting the following grounds for relief:

> Ground One: Ineffective Assistance of Counsel. I asked my attorney, Mr. Plowden, if the enhancement would affect me later in my sentence. He advised me to plead guilty and the enhancement would not affect me. I can't get benefits of RDAP[2] because of this.
>
> Ground Two: Mr. Plowden knew I had to attend RDAP, but materially misled me.
>
> Ground Three: Ineffective Assistance of Counsel. My attorney rendered ineffective assistance under the Constitution, violating my Sixth Amendment rights, when he let stand an enhancement for a gun I never possessed or was charged with. The gun charge was dismissed but the enhancement remained. Under the Supreme Court's recent decision in *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016), this resulted in an incorrect guidelines range affecting my substantial rights. I ask that the enhancement be set aside and that I am resentenced. I also request an attorney.

(ECF No. 363 at 5 (emphasis in the original).) Subsequently, on September 6, 2016, the Government filed a Response to Section 2255 Petition and, in the alternative, a Motion for Summary Judgment. (ECF No. 367.)

---

[2] "RDAP" is the Residential Drug Abuse Program. RDAP is available to all eligible inmates pursuant to 18 U.S.C. § 3621(b) and (e). "Successful completion of the RDAP could result, at the discretion of the BOP, in early release for prisoners eligible under 28 C.F.R. § 550.58." *King v. Fed. Bureau of Prisons*, C.A. No. 9:09-323-HMH-BM, 2009 WL 764948, at *4 (D.S.C. Mar. 23, 2009) (citing *Lopez v. Davis*, 531 U.S. 230 (2001) (BOP regulation categorically excluding prisoners from early release is permissible exercise of BOP's discretion)). "The BOP policy establishes categories of inmates who are not eligible for early release upon completion of RDAP, including 'inmates whose current offense is a felony . . . [t]hat has as an element, the actual, attempted, or threatened [sic] use of physical force against the person or property of another,' . . . ." *Id.* (quoting 28 C.F.R. § 550.58(a)(1)(vi)(A)).

3

The court considers below the merits of the parties' respective Motions.

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255, which states that a federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court.

## III.     LEGAL STANDARD

A.     <u>Motions to Vacate Generally</u>

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255. The prisoner may be entitled to relief upon a showing that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958)).

In ruling on a § 2255 motion, the court may dismiss the motion without a hearing where it conclusively shows from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief. 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

B.     <u>Statute of Limitations for Motions to Vacate</u>

A prisoner in federal custody has a one-year limitation period in which to file a motion

brought under 28 U.S.C. § 2255. *See generally Dodd v. United States*, 545 U.S. 353, 354 (2005) ("28 U.S.C. § 2255[(f)] establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section."). This limitation period runs from the latest of–

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## IV. ANALYSIS

Balkind asserts that his Motion is timely under § 2255(f)(3) "because my Motion relies upon a newly recognized right in *Molina-Martinez v. U.S.*, 136 S. Ct. 1338 (2016)." (ECF No. 363 at 4.) The Government disagrees with Balkind arguing that his Motion is untimely because he failed to file it within one year from October 30, 2013, the date Balkind's conviction became final. (ECF No. 367 at 2 ¶ 9.)

At the outset, the court observes that Balkind only presents one argument as to why his § 2255 Motion is timely, *i.e.*, *Molina-Martinez* identifies a "newly recognized right" that has been "made retroactively applicable to cases on collateral review." (*See* ECF No. 363 at 4); 28 U.S.C. § 2255(f)(3). Upon its review, the court observes that Balkind argues his position without citing caselaw to support it. *But see United States v. Twitty*, CRIM. NO. 0:98-826-CMC, 2018 WL 4506802, at *5 (D.S.C. Sept. 20, 2018) ("However, as the Government argues, Defendant's request is untimely as neither Molina-Martinez nor Rosales-Mireles have been made retroactively available to cases on collateral review."); *Villalobos v. United States*, 2018 WL 2248517, at *10

5

(S.D. Tex. Mar. 27, 2018) ("Molina-Martinez did not create a new rule, retroactive on collateral attack, that would have reset the one-year statute of limitations for filing a § 2255 petition."). However, the court did not have any difficulty locating compelling reasoning to not find Balkind's contention persuasive as provided for in the following observation by the United States District Court for the Middle District of Florida:

> In his attempt to establish a renewed limitation under Section 2255(f)(3), Warren relies on *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), which holds that on direct appeal and for the purpose of showing an adverse effect on a "substantial right," which is necessary to show a "plain error" under Rule 52(b), a defendant can assert an objection, unpreserved in the district court, to an incorrect advisory guidelines calculation. The central issue in *Molina-Martinez* is whether the defendant bears the burden of showing that an incorrect and adverse guidelines calculation sufficiently establishes the likelihood of a longer sentence to show an adverse effect on a substantial right. In short, *Molina-Martinez* discusses a circumstance under which an unpreserved objection is available under Rule 52(b) on **direct appeal**. **Molina-Martinez neither announces that a "right has been newly recognized" nor applies that "newly recognized" right retroactively**. Molina-Martinez offers Warren no help.

*United States v. Warren*, CASE NO. 8:96-cr-64-T-23TBM, 2017 WL 4426549, at *2 (M.D. Fla. Oct. 5, 2017) (emphasis added).

Therefore, after considering the foregoing, the court concludes that § 2255(f)(3) is not applicable to Balkind's Motion pursuant to *Molina-Martinez*. As a result, because Balkind is unable to demonstrate the applicability of any of the other exceptions provided for in § 2255(f), the statute of limitations for Balkind's challenge runs from the date his conviction became final pursuant to § 2255(f)(1). In this regard, for his Motion to be timely since he did not file a direct appeal, Balkind was required to file it on or before July 16, 2013 (for the Judgment) and on or before October 30, 2014 (for the Amended Judgment).[3] Accordingly, since Balkind filed his

---

[3] In a case where there is no direct appeal, a defendant's conviction becomes final fourteen (14) days after the judgment is entered on the docket. *See* Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: . . . the entry of either the judgment or the order being appealed."); *United States v. Osborne*,

6

Motion on September 2, 2016, more than one (1) year after the Judgment and/or Amended Judgment in his case became final, his Motion is untimely under § 2255(f).[4]

## V. CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES** Defendant Joshua A. Balkind's Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 (ECF No. 363) and **GRANTS** the Government's Motion for Summary Judgment (ECF No. 367).

### CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** Defendant Joshua A. Balkind a certificate of appealability.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 17, 2019
Columbia, South Carolina

---

452 F. App'x 294, 295 (4th Cir. 2001) ("Osborne was required to file his § 2255 motion within one year from the date on which his judgment of conviction became final by the conclusion of direct review or expiration of the time for seeking such review.").

[4] While district courts do recognize the applicability of equitable tolling, such tolling is only appropriate when a movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," which prevented timely filing. *United States v. Collins*, Cr. No. 3:09-1295-002-CMC, 2016 WL 4524221, at *2 (D.S.C. Aug. 29, 2016) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The court observes that the record does not support application of equitable tolling to rescue Balkind's Motion.